PURA MARÍA SUÁREZ, Plaintiff and Appellant, *v.* RUBÉN BETANCOURT, Defendant and Appellee.

No. 8988. Argued November 9, 1944.—Decided January 25, 1945.

---

*Angel A. Vázquez* for appellant. *Rodrigo Otero Suro* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In a complaint of unlawful detainer filed in this case on February 3, 1944, in the District Court of San Juan, it was alleged that the defendant "withholds the possession and materially occupies, without paying any rental or other consideration" the property described, that is, a house situated in Santurce. The complaint also contains the following allegations:

"2. The property described was acquired by the plaintiff on December 16, 1943, and on that same day the defendant was asked to vacate said property before the 31st of said month of December and subsequently, that is, on January 13, 1944, the plaintiff again asked the defendant to vacate said property before the end of January 1944; that notwithstanding said demands and that the de-

fendant agreed to vacate said property on the above-mentioned dates, said defendant continues in the material possession of the property and flatly refuses to vacate the same.

"3. That plaintiff lives at present in a house which is not her property and has not been such within the year preceding the filing of this complaint, and the plaintiff in good faith needs to recover the material possession of the property above-referred to in order to immediately occupy the same together with her family as their dwelling."

The defendant failed to answer the complaint and on February 18, 1944, the day set for the hearing, he orally agreed and consented, through his attorney, that judgment be entered against him and waived his right of appeal. Through Judge Massari the court rendered judgment decreeing the eviction and ordering the defendant to surrender the property within the period of 50 days, counted from February 18, and if he failed to do so that an order of execution be accordingly issued. He also stated that the judgment was final by reason of defendant's waiver.

On April 5, 1944, when only four out of the fifty days granted in the judgment to vacate the house were left, the defendant, represented by another attorney, filed a motion in the lower court seeking the nullity of the judgment rendered in this case on the following ground: "That the complaint which gave rise to this action was filed on February 3, 1944, that is, after the enforcement of the rent regulations promulgated by the Office of Price Administration, wherein it is provided that the landlord must serve notice on the tenant at least 10 days prior to the proposed removal and he should notify within the next 24 hours the Office of Price Administration (Rent Division) which requirement was not fulfilled in this case according to the complaint wherein in it was not only alleged."

The plaintiff objected to said motion and alleged that the court lacked jurisdiction to review it because said judgment was entered and made final at the request of defendant him-

self without a reconsideration being timely sought and because it is the intention of the defendant to delay the execution of the judgment and his eviction from the property "notwithstanding the fact that he is not and has never been .a tenant of the plaintiff."

On April 10, after the 50 days granted to the defendant to vacate had expired, the plaintiff sought in a separate motion the latter's eviction from the property. The lower court did not dispose of this motion and held a hearing on the motion of nullity of the judgment and on June 12, 1944, through Judge Belaval, it rendered judgment granting defendant's motion and setting aside the judgment rendered. A motion for reconsideration was denied whereupon the plaintiff took the present appeal.

It is a well-settled rule that the parties may not, by stipulation, confer jurisdiction on a court which lacks the same to act on the subject matter of the action. Nor is validity bestowed on a judgment rendered without jurisdiction by the mere fact that it was entered by consent of the parties. See annotation in 86 A.L.R. 84, 88. To this effect we have held that in a judgment entered by consent the defendant "expressly admitted as true the facts set forth in the complaint and a judgment of such nature rendered by a court with jurisdiction over the subject matter and the parties is valid and cannot be collaterally attached." *Ex parte Morales,* 17 P.R.R. 1004. The principal question to be decided in this appeal is whether the lower court acted with jurisdiction in rendering the judgment by consent, or whether on the contrary, the nonfulfillment on the part of the plaintiff of the requirements provided by the rent regulations deprived the court of jurisdiction in the action of unlawful detainer.

The Rent Regulations for Housing enforced in Puerto Rico by the Office of Price Administration are the same National Regulations in force in the United States which were

made extensive to Puerto Rico to become effective on February 1, 1944. It is stated thus in the second paragraph of Article 1, A, which sets forth, besides, the scope thereof in the following manner:

"The National Regulations were made extensive to Puerto Rico by the amendment of January 3, 1944, effective on *February 9, 1944*, and they apply to all buildings, constructions or any part thereof, and to the premises adjacent thereto, and to any other property, whether real or personal, *rented or offered for rent for housing purposes in Puerto Rico* together with all the privileges, servings, accessories, equipment, facilities and improvements related to the use or occupancy of the property." (Italics ours.)

Article 13, A(9) of the Regulations defines the word tenant thus:

" 'Tenant' includes a subtenant, lessee, sublessee, *or other person entitled to the possession or to the use* or occupancy of any housing accommodations." (Italics ours.)

Article 6 of the Regulations, which deals in general with "Removal of Tenant," provides in its subdivision A certain restrictions and in subdivision D, the notices required prior to the action of unlawful detainer. In the margin we quote those which in our opinion are pertinent to this case.[1]

---

[1] "Article 6.—Removal of tenant.

"A. Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless:

"1. . . .

\*     \*     \*     \*     \*     \*     \*

"6. Occupancy by landlord. The landlord owned, or acquired an enforceable right to buy or the right to possession of, the housing accommodations *prior to February 1, 1944,* and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself. . .

\*     \*     \*     \*     \*     \*     \*

Lastly, we should state that pursuant to Article 1, D of the Regulations, on Waiver of Benefit Void, it is provided that an "agreement by the tenant to waive the benefit of any provision of these Regulations is void."

After quoting some of the articles of said Regulations, the lower court based its decision setting aside the judgment on the following grounds, which in part read thus:

"We cannot assume that the defendant in this case is a *tenant at sufferance*, inasmuch as his condition as such arises solely from the fact that when Pura María Suárez acquired the property which she now seeks to recover, *she considered the contract terminated*, that she notified the defendant to vacate said property first before December 31, 1943, and later before January 31, 1944. In our opinion the plea of *tenant at sufferance* was made in order to bring this action at first instance in the District Court rather than in the Municipal Court, according to the amount of the rent.

\*          \*          \*          \*          \*          \*          \*

"D. Notices required.

"1. Notices prior to action to remove tenant. Every notice to a *tenant* to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the *tenant*. A written copy of such notice shall be given to the area rent office within 24 hours after the notice is given to the tenant.

"No *tenant* shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days (or, where the ground for removal or eviction is nonpayment of rent, the period required by the local law for notice prior to the commencement of an action for removal or eviction in such cases, but in no event less than three days) prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the *tenant* and to the area rent office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the *tenant* is required to surrender possession:

\*          \*          \*          \*          \*          \*          \*

"2. Notices at time of commencing action to remove tenant. At the time of commencing any action to remove or evict *a tenant*, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the area rent office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought.

"E. Local law. No provision of this section shall be construed to authorize the removal of a *tenant* unless such removal is authorized under the local law." (Italics ours.)

"On March 6, 1944, The Supreme Court of Puerto Rico, speaking through Mr. Chief Justice Travieso, decided certiorari No. 1542, *Américo Miranda . v. District Court of San Juan,* where it held that a former tenant of a property purchased subsequently, was not a *tenant at sufferance* and therefore we must consider that until June 30, 1944, the defendant herein is a *possessor in good faith,* whose possession may be terminated only by the proper action of unlawful detainer, brought by the new owner of the property in a court with competent jurisdiction, after complying with the clear provisions of Subd. 1 and 2 of letter 'd', Article 6 of the Rent Regulations.

"We believe that the failure to notify is tantamount to a lack of cause of action and that the defendant may timely present the same to this Court, since a privileged action being involved this court is bound to consider it even at this stage of the proceeding." (Italics ours.)

We are of the opinion that the lower court committed manifest error in all its findings and consequently in the conclusion reached.

In the first place, there is nothing in the allegations of the complaint which justifies the finding that the plaintiff alleged, 1st, that the defendant was a tenant at sufferance and 2d, that she considered the contract terminated. It is alleged in the complaint that the defendant "withholds the possession and materially occupies without paying any rental or other consideration" the property. Nor is it alleged in the complaint that the defendant had been a tenant of the former owner and that when she acquired the property the plaintiff considered the lease contract terminated. We should not forget that by virtue of the consent judgment in this case, the defendant accepted as true all the facts alleged in the complaint. However, this does not justify that there be inserted in the complaint, by mere surmise or deductions, facts which were never alleged.

It is true that in *Miranda* v. *District Court,* 63 P.R.R. 155, invoked by the lower court we held that a former tenant of a property which was subsequently purchased was not a tenant at sufferance, but in said case it was alleged and

proved that defendant Jarabo in the action of unlawful detainer had a lease contract with the former owner. But although we stated that the defendant was not a tenant at sufferance, we expressly held, after citing § 1461 of the Civil Code and § 621 of the Code of Civil Procedure that "plaintiff Miranda would be undoubtedly entitled to dispossess Jarabo as a *wrongful occupant of the property.*" (Italics ours.)[2] If the action of unlawful detainer in that case did not succeed on appeal it was because the plaintiff failed to comply with the requirements of alleging, pursuant to § 621 of the Code of Civil Procedure as amended by Act No. 14 of 1941, that he desired in good faith to recover the property as a dwelling for himself or for his family and that he lived in a house which was not his property nor had been such within the year preceding the commencement of the action. On the contrary, the defendant in said case alleged by way of special defense and proved that the plaintiff lived in a house of his property and which had been such within the preceding year.

In the case at bar it was not only alleged by the plaintiff that the defendant was a wrongful occupant but he expressly complied in the third averment of the complaint, *supra,* with the requirements provided by § 621 of the Code of Civil Procedure, *supra.* Those allegations of the complaint were not contradicted by the defendant. In view of the surrounding circumstances, are the provisions of the Rent Regulations copied above applicable to a case like the present one? In our opinion they are not.

By their title as well as by their contents, it is obvious that they govern such cases where a lease contract between the landlord and tenant exists and also those cases where "so long as the tenant continues to pay the rent to which the

---

[2] For a lengthy discussion on the meaning of the words "at sufferance" and "detention" (*detentación*), see *Municipality of Ponce* v. *Collazo,* 56 P.R.R. 485, and *People* v. *Giorgetti & Co., Ltd.,* 46 P.R.R. 59.

landlord is entitled, no tenant shall be removed from any housing accommodations, . . . . notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated.'' Article 6A, *supra*. Since there is no allegation in the complaint to the effect that there existed a lease contract between the plaintiff and the defendant, the lower court apparently based its conclusion that the defendant was a ''possessor in good faith'' on the last meaning given to the word ''tenant'' contained in Article 13, A(9), *supra*, to the effect that it includes ''other person entitled to the possession or to the use or occupancy of any housing accommodations.'' However, according to the allegations of the complaint accepted by the defendant he is a wrongful occupant and as such he can not be considered as a possessor in good faith for, as was held by this court in *People* v. *Giorgetti & Co., Ltd.*, 46 P.R.R. 59, 69: ''The unlawful withholding by one person of the possession of a thing belonging to another constitutes a detention within the meaning of that term as used in the Unlawful Detainer Act.''

If the defendant withholds plaintiff's house ''unlawfully'' he cannot be considered as a possessor in good faith. Having reached the conclusion that the defendant, as the wrongful occupant which he admitted to be, was not and is not entitled to the possession of plaintiff's property, we are bound to conclude that the plaintiff, under the circumstances herein, is not bound to comply with the notices required by the Rent Regulations.

In view of the fact that detention is one of the causes which may give rise to an unlawful detainer proceeding under our law, the lower court acted with jurisdiction under Article 6,E of the Regulations, *supra*, in entering a judgment by consent. The order appealed from which annulled said judgment is erroneous and should therefore be reversed.